UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MICHAEL RISENMAY and LEANNA § 
RISENMAY § 
 § 
    *Plaintiffs*, § 
 § 
v. § 
 § 
DANIEL ELDRIDGE or DANNY K. § Civil Action No.  SA-11-CA-733-XR
ELDRIDGE or DAN ELDRIDGE and § 
FLYING R. RANCH PROPERTY § 
OWNER'S ASSOCIATION, INC., § 
 § 
    *Defendants*. § 

**ORDER**

On this date, the Court considered Plaintiffs' Motion for Temporary Restraining Order against the Defendants in the above-captioned case. (Docket No. 2).  In their motion, Plaintiffs allege that Defendants engaged in race-based harassment and intimidation to prevent a public school bus carrying Plaintiffs' children from entering the private road that runs through the subdivision Flying R. Ranch, where Plaintiffs are leasing a house.  The alleged intimidation includes allegations that Defendant Eldridge used his tractor on several occasions to deliberately impede the school bus's entry onto Flying R. Ranch's private road; that Defendant Eldridge posted racially hostile and threatening signs on his property where they could easily be seen from Plaintiffs' home; that Defendant Eldridge placed dead raccoons in the Plaintiffs' driveway; and that Defendant Eldridge on one occasion shot projectiles from his rifle onto the Plainitffs' property while members of the family were outside.  Plaintiffs further allege that Defendant Flying R. Ranch Property Owners' Association ("POA") conspired with Defendant Eldridge to prevent the school bus from entering Flying R. Ranch, and that they condoned Defendant Eldridge's racially-based intimidation tactics.

The Plaintiffs request a restraining order preventing Defendant Eldridge from "further harassment, intimidation, delay, threats, torments, or shooting toward any member of the [Plaintiffs'] family;" and preventing Defendant POA from "denying Plaintiffs' right to transportation on the neighborhood road, including special education school buses provided by Comal ISD." For the reasons stated below, the Court GRANTS IN PART AND DENIES IN PART the Motion for Temporary Restraining Order against Defendant Eldridge and DENIES the Motion for Temporary Restraining Order against Defendant Flying R Ranch Property Owner's Association.

Under well-settled Fifth Circuit precedent, a preliminary injunction is an extraordinary remedy that should not be granted unless the movant demonstrates by a clear showing: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not undermine the public interest. *Valley v. Rapides Parish School Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997). To determine the likelihood of success on the merits, the Court looks to the standards provided by the substantive law. *See Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 622 (5th Cir.1985). The factors that govern an application for a temporary restraining order are the same as those that govern a request for preliminary injunction. *Hill v. Green County School Dist.*, 848 F. Supp. 697, 703 (S.D. Miss. 1994).

After considering the evidence submitted to the Court, and holding a hearing on Plaintiffs' motion, the Court concludes that a temporary restraining order is appropriate against Defendant Eldridge with regard to the conduct outlined at the end of this order. First, there is a substantial likelihood of success on the merits with regard to Plaintiffs' claims for Tortious Interference with Contractual Rights and Intentional Infliction of Emotional Distress. There also is a substantial

likelihood that the Plaintiffs can succeed in their claims under the federal Fair Housing Act and Texas Fair Housing Act after amending their complaint. Second, there is a substantial threat of irreparable harm to Plaintiffs if the Court does not issue the restraining order. The evidence alleges that Defendant Eldridge has shot projectiles from his rifle onto Plaintiffs' property while they were outside and that Defendant Eldridge has engaged in a series of race-based intimidation tactics. If this conduct continues, Plaintiffs and their children could suffer irreparable physical and mental injury. Finally, the threatened injury outweighs any harm that may result from the temporary restraining order to Defendant Eldridge and the temporary restraining order will not undermine the public interest. Indeed, Defendant Eldridge's attorneys represented to the Court that Mr. Eldridge would not object to the issuance of an order restraining him from engaging in the activities listed at the end of this order.

    The Court further concludes that the Plaintiffs have not satisfied their burden with regard to Defendant POA. The President of the POA testified that Defendant Eldridge is no longer a member of the POA; that the POA has not participated in or condoned Defendant Eldridge's activities; and that the POA has never attempted to obstruct the school bus carrying the Plaintiffs' children, and that it does not intend to do so in the future. Based on those representations, the Court concludes that a temporary restraining order against the POA would not be appropriate at this time. However, the parties are advised that if conduct occurs in the future that contradicts the POA's representations to the Court, that the Court may reconsider whether a temporary restraining order should be issued.

    IT IS, THEREFORE, ORDERED that Defendant Danny K. Eldridge (aka "Dan" or "Daniel"), and anyone else who is acting in active concert or participation with Defendant Eldridge, be restrained from blocking the ingress and progress of the school bus carrying the Plaintiffs'

children onto the Flying R. Ranch. Defendant Eldridge is further restrained from entering the property leased by the Plaintiffs at Flying R. Ranch and from causing projectiles to enter that property. The remainder of Plaintiffs' Motion for a Temporary Restraining Order against Defendant Eldridge is DENIED. In addition, Plaintiffs' Motion for a Temporary Restraining Order against Defendant Flying R. Ranch Property Owner's Association is DENIED in its entirety.

IT IS FURTHER ORDERED that the parties are ordered to appear on the 26th of September, 2011 at 10:00 a.m. in Courtrooom 3, John H. Wood, Jr., U.S. Courthouse, Hemisfair Plaza, 655 E. Cesar Chavez Blvd. (formerly Durango Blvd), San Antonio TX 78206, for a hearing on whether the relief requested in Plaintiffs' Motion for Preliminary Injunction should be granted.

IT IS FURTHER ORDERED that Plaintiffs are not required to pay a bond pursuant to Local Rule 65.1.

IT IS FURTHER ORDERED that unless this Court extends this Order, or Defendant agrees, this Order shall expire at the conclusion of the hearing on Preliminary Injunction set forth above or September 26, 2011, whichever is earlier.

It is so ORDERED.

SIGNED this 12th day of September, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE